# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| DMITRY PRONIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:13-cv-03423-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| KAHLE VINING, DANIEL FALLEN, | ) | |
| JEROME BROOKS, SANDRA K. | ) | |
| LATHROP, JOHN BRYANT, | ) | |
| SHERILYN L. CHEEK, DEWICK | ) | |
| BRYANT, TROY JOHNSON, | ) | |
| CHARLES COLLIE, JORDAN | ) | |
| HOLLETT, WILLIAM REESE, TONY | ) | |
| THOMPSON, STAKLEN SMITH, PAUL | ) | |
| WELLMAN, DANIEL TRENT, EDA | ) | **ORDER** |
| NEGRON-OLIVER, PHILLIP | ) | |
| COLEMAN, PHILLIP ROBERTSON, | ) | |
| WILLIAM JOHNSON, JAMES REID, | ) | |
| DWIGHT RATLEY, RANDOLPH | ) | |
| MIDDLEBROOK, CHAD TOLBERT, | ) | |
| BRANDON BURKETT, JERRY | ) | |
| HARRIOTT, JR., JOHN DOE | ) | |
| OFFICER #1, JOHN DOE OFFICER #2, | ) | |
| and ARUNAVA SAGA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court grant the motion for summary judgment filed by all defendants of record.[1]  Plaintiff Dmitry Pronin ("Pronin") filed a written objection to the R&R.  For the reasons set forth below, the court adopts in part and rejects in part the R&R and grants in part and denies in part defendants' motion for summary judgment.

---

[1] The two John Doe defendants who could not be identified are excluded.

1

## I.  BACKGROUND[2]

Pronin is presently confined in the United States Penitentiary, Administrative Maximum Facility near Florence, Colorado.  Pronin was formerly an inmate at FCI-Edgefield ("Edgefield") in Edgefield, South Carolina.  Pronin alleges that in March 2012, fellow Edgefield inmate Larry Burns ("Burns") was moved into Pronin's cell.  Compl. 11.  Within approximately two months "it became obvious to [Pronin] that [Burns] was sexually perverse[], had homosexual desires that he was eager to fullfill [sic] on [Pronin's] account."  Id.  Pronin contends that he filed two request-to-staff-member forms ("staff requests") on May 18, 2012, notifying defendants John Bryant ("John") and Dewick Bryant ("Dewick") of Burns's sexually charged threats and habitual drug abuse.[3]  Id.  Pronin contends that he asked John and Dewick to interfere and move him out of Burns's cell, but these requests were ignored.  Id.  Burns allegedly continued to threaten Pronin and began bragging about his "good connections" with prison officers.  Id. at 12.  Pronin states that on June 5, 2012, he filed a staff request to defendant Charles Collie regarding Burns' drug use, followed by renewed requests to John and Dewick on June 18 and June 19, 2012, respectively.

Pronin further states that on June 26, 2012, Burns purchased drugs from defendant Sandra K. Lathrop ("Lathrop") and that the next day, Burns told Pronin that Lathrop and defendant Sherilyn Cheek ("Cheek") had told Burns that Pronin was registered as a sex offender.  Id.  Burns allegedly threatened to reveal this fact if

---

[2]  Pronin's complaint originally brought ten distinct claims for relief; however, Pronin objects to the magistrate courts recommendation on only one claim and has agreed to abandon the claims not addressed in his objection.  Pls.' Objections 2.  Therefore, the following section recites only those facts relevant to Pronin's remaining claim.

[3]  Pronin repeatedly notes Burns's drug use in connection with his failure to protect claim.  The drug use allegations appear to have been connected to the alleged sexual threats inasmuch as Burns would become "sexually provocative and use[] sexually charged language when he [was] high."  Compl. Ex. 14.

2

Pronin refused to perform sexual acts on him. Id. Pronin states that he spoke to John on June 28, 2012, who told him that there were no cells available, that he was too busy, and that Pronin should speak to him later. Id. at 12–13. On July 12, 2012, after a third cellmate was moved out of the cell, Burns' threats allegedly intensified. Id. at 13. Shortly thereafter, on July 15, 2012, Pronin contends that Burns pressed a knife to the right side of his neck and raped him. Id. at 13.

On the basis of such allegations, Pronin brings a claim for "failure to protect" against John and Dewick, arguing that John and Dewick knew of the specific threat Burns posed, but did nothing about it. Pl.'s Objections 3. On March 2, 2015, defendants filed the instant motion for summary judgment. Pronin filed a response on March 10, 2015, and defendants filed a reply on March 20, 2015. The magistrate judge issued the R&R on August 31, 2015, recommending the court grant summary judgment on all claims and dismiss the case. Pronin filed his objection to the R&R on October 2, 2015, and defendants replied to his objection on October 19, 2015. The matter is now ripe for the court's review.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). A party's failure to

object may be treated as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Pronin initially appeared pro se in this case.[4]  Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case.  See Haines v. Kerner, 404 U.S. 519, 521 (1972).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim, nor does it mean the court can assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the ECF of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor.  Id. at 255.

---

[4]     Pronin filed his complaint and initial response to the defendants' motion pro se, but was represented by counsel when he filed his objections to the R&R.  Therefore, the court is not required to liberally construe Pronin's objections to the R&R, but has liberally construed all materials submitted pro se.

### III.  DISCUSSION

Pronin's objections only address his failure to protect claim against John and Dewick.  Pl.'s Objections 2.  In addition to the fact that "[a] party's failure to object may be treated as agreement with the conclusions of the magistrate judge," see Thomas, 474 U.S. at 150, Pronin has explicitly agreed to abandon the claims not addressed by his objections.  Pl.'s Objections 2 n.1.  Therefore, after reviewing the record for clear error and finding none, the court adopts the R&R with respect to all claims, other than Pronin's failure to protect claim against John and Dewick, and grants defendants' motion for summary judgment on such claims.

With regard to the failure to protect claim, Pronin does not contest the magistrate judge's determination that "a claim for failure to protect from violence[] [requires] an inmate [to] show: (1) 'that he is incarcerated under conditions posing a substantial risk of serious harm,' [] and (2) that the prison officials had a 'sufficiently culpable state of mind.'"  R&R at 21 (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)).  There is also no dispute that, in this case, Pronin must show that John and Dewick acted with "deliberate indifference."  Id. (quoting Farmer, 511 U.S. at 834); Pl.'s Objections at 3 (citing Young v. City of Mount Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001)).  Pronin's objection simply turns on whether the evidence is sufficient to create a question of material fact under that standard.

In support of his claim, Pronin offers his own sworn declarations, Compl. Exs. 1, 16–18; ECF No. 122-3, Pronin Dec. in Opp. ¶¶ 1–9, as well as a number of staff request forms which he claims to have filed in an attempt to prevent Burns's actions.[5]

---

[5] Pronin initially argued that John's declaration and Dewick's answers to interrogatories also provide evidentiary support for his claim; however, Pronin does not appear to challenge the R&R's

Compl. Exs. 11–15; Pl.'s Resp. Ex. 5.  The magistrate judge found that these submissions could not be considered at the summary judgment stage, because:  (i) the declarations were self-serving; and (ii) the staff requests were unauthenticated, as there was no evidence they were actually filed with John, Dewick, or any other staff member.  R&R at 23.  Therefore, the R&R determined, there was no evidence that any defendant was aware that Pronin was incarcerated under conditions posing a substantial risk of serious harm.  Id.

### A.  Pronin's Declarations

While it is true that "a party may not rest on self-serving <u>conclusory</u> allegations to survive summary judgment," <u>Smith v. Beck</u>, 2011 WL 65962, at *7 (M.D.N.C. Jan. 10, 2011) <u>report and recommendation adopted</u>, 2012 WL 1340766 (M.D.N.C. Apr. 18, 2012) <u>aff'd</u>, 577 F. App'x 196 (4th Cir. 2014) (emphasis added), the court does not find the allegations at issue to be "conclusory."   Pronin's Complaint and his Declaration in Opposition include the specific dates and content of the requests made to both John and Dewick.  Pronin Dec. in Opp. ¶¶ 2, 4, 5.  This specificity, as well as the content of such requests, distinguishes the instant case from <u>Smith v. Beck</u>, 2011 WL 65962, at *7.  In <u>Beck</u>, the plaintiff claimed that prison officials had failed to protect him from sexual assault by a prison supervisor.  <u>Id.</u> at *6.  "In his affidavit, [the plaintiff] contend[ed] that he made several requests to [defendant] for another job assignment to get away from [the supervisor]."  <u>Id.</u> at *7.  However, the <u>Beck</u> opinion gives little indication as to whether the plaintiff described those requests in detail, and goes on to state that the more important consideration is

---

refusal to recognize such evidentiary support in his objections.  In any event, the court finds that nothing in either source supports Pronin's claims.  <u>See</u> Pl.'s Response Exs. 4, 8.

6

the fact that "[the] [p]laintiff never reported the alleged sexual abuse to any prison official." Id. Here, in contrast, Pronin has not only described the circumstances surrounding his requests in relative detail, he has also provided copies of the requests themselves. As discussed in greater detail below, the contents of such requests were sufficient to put John and Dewick on notice of the threat Burns posed to Pronin, because they discussed that issue directly. Compl. Exs. 11–15; Pl.'s Resp. Ex. 5. Thus, while the allegations contained in Pronin's declarations may be "self-serving," they are not "conclusory."

The Fourth Circuit has stated that a party may survive summary judgment even where the "evidence consist[s] exclusive of so-called 'self-serving' declarations from [the plaintiff] himself." Mann v. Failey, 578 F. App'x 267, 272 n.2 (4th Cir. 2014); see also Wilson v. Davis, No. 9:13-cv-3495, 2014 WL 6983381, at *8 (D.S.C. Dec. 10, 2014) ("[T]he undersigned cannot find that the [defendant] is entitled to summary judgment on [p]laintiff's retaliation claim where there are conflicting sworn statements as to what happened and why."). The Mann court noted that this rule is especially important "in cases with pro se prisoner plaintiffs, where events take place with only prison guards present, and an inmate has little control of his situation and movement, and few means of establishing facts, other than recounting evidence himself." Id. (internal quotation marks omitted).

More recently, the Fourth Circuit reaffirmed the use of an inmate's affidavit testimony to avoid summary judgment in Raynor v. Pugh, No. 14-7746, 2016 WL 1056091, at *5 (4th Cir. Mar. 17, 2016). In that case, the inmate-plaintiff brought a failure to protect claim against a prison official, alleging that the official acted with

7

deliberately indifference in failing to take any action to prevent another inmate from attacking the plaintiff, despite the attacker first telling the official he would carry out such an attack. Id. at *4. The Fourth Circuit relied on the plaintiff's verified complaint to establish a question of fact as to whether this incident gave the defendant "actual knowledge of an excessive risk to the plaintiff's safety."[6] Id. (internal quotations omitted).

In light of Mann and Raynor, the court finds that Pronin may rely on his own declarations to establish John and Dewick's "deliberate indifference" at the summary judgment stage.

### B. Pronin's Staff Requests

The R&R also found that the staff requests could not be considered because they were not properly authenticated, relying on Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993). R&R at 23. However, Orsi was abrogated by the 2010 amendments to Federal Rule of Civil Procedure 56, which no longer requires evidence to be presented in admissible form to be considered on summary judgment. Grimes v. Merritt, 2015 WL 5158722, at *4 (D. Md. Aug. 31, 2015).

Rule 56(c)(2) now provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in

---

[6] The Raynor plaintiff also alleged that the official was actually present for the attack and watched the entire incident. Raynor, 2016 WL 1056091, at *5. While the plaintiff had a corroborating affidavit from another inmate to support this allegation, id., the court specifically noted that either incident—the attacker's statement to the defendant or the defendant's actual presence during the attack—would have been "independent grounds for establishing [the defendant's] subjective knowledge of the risk of assault." Id. at *4. Moreover, when discussing the evidentiary support for this second allegation, the court quoted Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979) for the proposition that "where 'affidavits present conflicting versions of the facts which require credibility determinations,' summary judgment cannot lie." Raynor, 2016 WL 1056091, at *5 (quoting Davis, 600 F.2d at 460). Notably, Davis was a case in which the inmate-plaintiff's only support for his allegation was his own affidavit and verified complaint, Davis, 600 F.2d at 459–60, further indicating that the corroborating affidavit in Raynor was unnecessary for summary judgment purposes.

evidence." Thus, "facts in support of or opposition to a motion for summary judgment need not <u>be</u> in admissible form; the new requirement is that the party identifies facts that <u>could be</u> put in admissible form." <u>Grimes</u>, 2015 WL 5158722, at *4 (quoting <u>Wake v. Nat'l R .R. Passenger Corp.</u>, 2013 WL 5423978 at *1 (D. Md. September 26, 2013)). When a party's evidentiary support is challenged on the grounds of admissibility, the party bears the burden of "either authenticat[ing] the documents or propos[ing] a method to do so at trial." <u>Id.</u> (quoting <u>Foreword Magazine, Inc. v. OverDrive, Inc.</u>, 2011 WL 5169384, at *2 (W.D. Mich. October 31, 2011)). Thus, "the objection [now] contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." <u>Rivers v. Burnette</u>, No. 4:13-cv-01914, 2015 WL 535623, at *8 n.2 (D.S.C. Feb. 10, 2015) (quoting <u>Kobe v. Haley</u>, No. 3:11-cv-1146, 2013 WL 4067921, at *6 (D.S.C. Aug. 12, 2013)).

"To establish that evidence is authentic, a proponent need only present 'evidence sufficient to support a finding that the matter in question is what the proponent claims.'" <u>United States v. Vidacak</u>, 553 F.3d 344, 349 (4th Cir. 2009) (quoting Fed. R. Evid. 901(a)). "The burden to authenticate under Rule 901 is not high—only a <u>prima facie</u> showing is required." <u>Id.</u> "The district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." <u>Id.</u> Rule 901(b)(1) explicitly provides that a document may be authenticated by "testimony of a witness with knowledge," and affidavits have long been recognized

as a "permissible form of authentication at summary judgment." Tillery v. Borden, 2010 WL 2132226, at *4 (D. Md. May 25, 2010).

Defendants appear to suggest that Pronin cannot authenticate the staff requests through his own declarations or testimony. See Defs.' Reply to Pls.' Objections at 3 (stating that the nonmoving party's entitlement to the benefit of all inferences and credibility determinations on summary judgment "do[es] not extend to the authenticity of the material presented in opposition to the motion for summary judgment"). This may be true in instances where the plaintiff is unable to authenticate the document in question through his own testimony, but in this case, defendants' argument conflicts with Fourth Circuit precedent requiring only a "prima facie showing" of authenticity under Rule 901. Vidacak, 553 F.3d at 349. Because Rule 901(b)(1) provides for authentication through testimony of a witness with knowledge, it is clear that Pronin's own affidavits or testimony would be sufficient to make such a prima facie showing. Whether that showing is sufficient to withstand conflicting evidence on the issue of authenticity is a question for the jury to decide.

Here, Pronin has not submitted an affidavit specifically addressing the authenticity of the staff requests, but he did include copies of the staff requests in his complaint which he signed under penalty of perjury. Compl. at 11; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ("[A] verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge."). Pronin's Declaration in Opposition, filed alongside his response to the instant motion, also specifically states that he filed the staff requests with John and Dewick on May 18, 2012. Dec. in Opp.

10

¶¶ 2, 5.  Pronin clearly has the requisite personal knowledge to make such statements, and if it came to it, he could formally authenticate the requests through testimony at trial.  See Fed. R. Evid. 901(b)(1).  Therefore, the court finds that, even if the staff requests remain technically unauthenticated, Pronin has sufficiently identified a method for their authentication at trial.

### C.  Failure to Protect Claim

When the declarations and staff requests are considered, it is clear that Pronin has provided sufficient evidence to survive summary judgment.  To prevail on his failure to protect claim, Pronin must prove:  (i) that "he [was] incarcerated under conditions posing a substantial risk of serious harm," and (ii) that John and Dewick acted with "'deliberate indifference' to [Pronin's] health or safety."  See Farmer, 511 U.S. at 834.  There is no question that the threat of sexual assault constitutes a "substantial risk of serious harm," see id. at 831, 849 (denying summary judgment in case involving claim that prison officials placed plaintiff in general populations, despite knowing that plaintiff "would be particularly vulnerable to sexual attack"), and Pronin's alleged staff requests are sufficient to create an issue of fact as to whether John and Dewick "[knew] of and disregard[ed]" the risk that Burns would sexually assault Pronin.  See id. at 837.  The staff requests specifically state that Burns used "sexually provocative" language and that Pronin feared for his own safety.  Compl. Exs. 11, 12, 14, 15.  Though the court would note that these statements do not clearly disclose the specific threats Pronin claims to have received,[7]

---

[7] This failure to provide information on the specific threats issued by Burns is perhaps, in some ironic way, indicative of the staff requests' authenticity.  If the staff requests were fabricated for the purposes of this litigation—a possibility the court does not discount—one would expect them to contain a somewhat clearer indication of the threat Burns posed.

11

the court finds them sufficient to create a question of material fact as whether John and Dewick were aware of the substantial risk Burns posed.[8]

In their response to Pronin's objections, defendants note that Pronin could have notified prison staff of Burns's threats in a number of other ways which would have been both more efficient and verifiable, yet Pronin conveniently claims to have chosen "the only method of communication which could not be verified in this case." Defs.' Reply to Pls.' Objections 4–5.  This is undoubtedly a forceful argument that the ultimate factfinder will need to weigh against Pronin's testimony.  However, this court is not entitled to weigh evidence at the summary judgment stage, and, as defendants' argument implicitly recognizes, there is no way to conclusively determine whether the staff requests were actually sent on the basis of the current record.  Id. (recognizing the existence of a method of communication which could not be verified).  This is the touchstone of a question of material fact, and therefore, Pronin's claims cannot be decided by summary judgment.

---

[8]  Like the Fourth Circuit in Raynor, this court finds that "[t]hese factual disputes also defeat [defendants'] claim to qualified immunity at this early stage,' because Pronin "has alleged facts that make out a violation of a clearly established constitutional right."  Raynor, 2016 WL 1056091, at *6.  The Supreme Court has long recognized that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  The Farmer opinion clearly considers sexual assault to be a form of violence which falls within this rule, stating that "gratuitously allowing the beating or rape of one prisoner by another serves no 'legitimate penological objectiv[e].'"  Id. (quoting Hudson v. Palmer, 468 U.S. 517, 546 (1984)).  Therefore, the court finds that "the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right  [] that [] was clearly established at the time of the alleged misconduct."  Odom v. U.S., No. 5:13-cv-01231, 2014 WL 1234176, at *10 (D.S.C. Mar. 25, 2014) (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009)).  Thus, John and Dewick are not entitled to summary judgment on the issue of qualified immunity.

## IV.  CONCLUSION

For the foregoing reasons, the court **REJECTS** in part and **ADOPTS** in part the R&R; **DENIES** defendants' motion for summary judgment to the extent it relates to Pronin's failure to protect claim against John and Dewick, and **GRANTS** defendants' motion as to all other claims.

**AND IT IS SO ORDERED**.

                                    **DAVID C. NORTON**
                                    **UNITED STATES DISTRICT JUDGE**

**March 31, 2016**
**Charleston, South Carolina**